**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SPARTAN SP INVESTOR, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 13 C 6882 |
| | ) | |
| vs. | ) | Judge Ronald A. Guzmán |
| | ) | |
| W. GERALD YAGEN, RUTH | ) | |
| YAGEN, TRAINING SERVICES, | ) | |
| INC., TECHNICAL EDUCATION | ) | |
| SERVICES, INC., AMERICAN TRANS | ) | |
| AIR TRAINING CORPORATION, and | ) | |
| EMPLOYMENT SERVICES, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff, Spartan SP Investor, LLC ("Spartan") sues defendants, W. Gerald Yagen, Ruth Yagen, Training Services, Inc., Technical Education Services, Inc., American Trans Air Training Corporation, and Employment Services, Inc. for unjust enrichment, breach of contract, promissory estoppel and fraud.  Defendants have filed a motion pursuant Federal Rule of Civil Procedure ("Rule") 12(b)(2), (3) and (6) to dismiss the suit for lack of personal jurisdiction, improper venue or failure to state a claim, or in the alternative, to transfer the suit to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).  For the reasons set forth below, the Court grants the motion to transfer and denies and strikes the motions to dismiss.

<u>**Facts**</u>

Plaintiff, Spartan SP Investor, LLC ("Spartan") is a Delaware company with its principal place of business in Chicago.  (Compl. ¶ 7.)  Spartan is affiliated with Spartan Education, LLC,

a/k/a/ Spartan College, a vocational school in Tulsa, Oklahoma, and Sterling Partners LLC, a private equity firm based in Chicago. (*Id.* ¶ 2.)

Defendants W. Gerald ("Gerald") and Ruth Yagen own defendants Training Services, Inc. ("TSI"), Technical Education Services, Inc. ("TES"), America Trans Air Training Corporation ("ATA"), and Employment Services, Inc. ("ESI"), which operate vocational schools across the country. (*Id.* ¶¶ 1, 10-13.) The Yagens live in Virginia, and TSI, TES, and ESI are located there. (*Id.* ¶¶ 10-11, 13.) ATA is located in Indiana. (*Id.* ¶ 12.)

In May 2013, Gerald asked the Director of Spartan College if he was interested in buying one of Gerald's schools. (Pl.'s Resp., Ex. 1, Gerald Dep. at 62.) The Director told Gerald that the College was now owned by Sterling, and asked Gerald if he would like to speak to a Sterling representative. (*Id.* at 63.) Gerald said he would, and shortly after received a call from a Sterling representative, who wanted to discuss buying several of Gerald's schools. (*Id.* at 29.) Negotiations ensued, during which Gerald and Sterling exchanged "hundreds" of emails and phone calls, and Sterling personnel repeatedly visited Virginia both to conduct due diligence and to negotiate in-person with Gerald. (*Id.* at 30-34, 52-53, 65-66; Mem. Law Supp. Mot. Dismiss, Ex. B, Gerald Aff. ¶¶ 4-6; *id.*, Ex. C, TSI Aff. ¶ 6; *id.*, Ex. D, TES Aff. ¶ 6; *id.*, Ex. E, ESI Aff. ¶ 6; *id.*, Ex. F, ATA Aff. ¶ 6; Pl.'s Resp. Mot. Dismiss, Ex. 2, Rosenberg Aff. ¶ 3.) Neither Gerald nor any other representative of defendants traveled to Illinois to negotiate the deal. (Mem. Law Supp. Mot. Dismiss, Ex. B, Gerald Aff. ¶ 7; *id.*, Ex. C, TSI Aff. ¶ 7; *id.*, Ex. D, TES Aff. ¶ 7; *id.*, Ex. E, ESI Aff. ¶ 7; *id.*, Ex. F, ATA Aff. ¶ 7.)

Spartan alleges that in May and June 2013, it analyzed the corporate defendants' operations, and with the use of its own personnel and outside accounting, education and turnaround experts, it

developed and helped Gerald implement a business plan to address the myriad of problems his schools faced.  (Compl. ¶¶ 18-21.)

On July 24, 2013, Gerald and the corporate defendants executed a term sheet for the sale of sixteen of their schools, which are located in California, Florida, Georgia, Indiana, Nevada, Pennsylvania, South Carolina, Texas, and Virginia, to Spartan.[1]  (*See* Mem. Supp. Mot. Dismiss, Ex. A, Term Sheet at 1.)  Among other things, the term sheet states:

> The parties . . . agree to negotiate in good faith to execute and deliver an Asset Purchase Agreement and agree upon forms of . . . other transaction documents as soon as possible.  If either Spartan, on the one hand, or Seller, on the other hand, fails to negotiate in good faith or refuses to proceed with a transaction or definitive documents on the terms and conditions expressly set forth in this Term Sheet, then the party that has failed to negotiate in good faith, or has refused to proceed, shall, immediately upon demand, reimburse the other party for its costs and expenses incurred in connection with this Term Sheet . . . subject to a cap of $500,000. . . .
>
> . . . .
>
> This Term Sheet is a non-binding expression of the intentions of the parties and is subject in all cases to the negotiation, execution, and delivery of the Asset Purchase Agreement and ancillary documents.  While the parties currently intend to proceed promptly to negotiate such agreements, it is expressly understood that no obligation of any nature is intended or created by the parties pursuant to this Term Sheet [except for the good faith/expense reimbursement provision]. . . .

(*Id.* at 4-5.)

---

[1] The schools are:  (1) Aviation Institute in Atlanta, Georgia; (2) Aviation Institute in Philadelphia, Pennsylvania; (3) Aviation Institute in Orlando, Florida; (4) Aviation Institute in Houston, Texas; (5) Aviation Institute in Dallas, Texas; (6) Aviation Institute in Oakland, California; (7) Aviation Institute in Las Vegas, Nevada; (8) Aviation Institute in Indianapolis, Indiana; (9) Centura in Richmond, Virginia; (10) Centura in Richmond West, Virginia; (11) Centura in Charleston, South Carolina; (12) Centura in Virginia Beach, Virginia; (13) Centura in Norfolk, Virginia; (14) Centura in Chesapeake, Virginia; (15) Centura in Peninsula, Virginia; and (16) Centura in Trades, Virginia.  (*See* Defs.' Mem. Supp. Mot. Dismiss, Ex. A, Term Sheet, Ex. A, List of Schools.)

By mid-August 2013, the schools were stabilized, and defendants refused to have any further negotiations with Spartan.  (Compl. ¶¶ 22-23.)

### Discussion

Though defendants challenge both personal jurisdiction and venue, the Court may and will address venue first.  *See Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986).  In ruling on a motion to dismiss for improper venue, the Court may consider matters outside of the complaint but resolves factual disputes in plaintiff's favor.  *Promero, Inc. v. Mammen*, No. 02 C 1191, 2002 WL 31455970, at *7 (N.D. Ill. Nov. 1, 2002).  "[P]laintiff bears the burden of establishing that venue is proper." *Id.*

Venue is proper for this suit in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(a)(2).  "[T]here may be several districts that qualify as a situs of . . . 'substantial' activities" and a given district need not have more substantial activities than another or the most substantial activities of any district to be a proper venue.  David D. Siegel, Commentary on 1998 and 1990 Revisions of Section 1391, subdiv. (a), cl. 2.  The claims in this suit arise from the contemplated sale of sixteen schools, none of which is located in Illinois, from a Virginia resident, three Virginia-based companies and an Indiana-based company to an Illinois-based company.  Though Illinois is not the epicenter of the parties' dispute, the record shows that sufficient activities underlying it occurred here to make this a proper venue for the suit.  (*See* Pl.'s Resp. Mot. Dismiss, Ex. A, Gerald Dep. at 52, 61 (testifying that, during the negotiations, Spartan participated in the schools' operation and engaged in numerous electronic exchanges about the transaction from its Illinois headquarters.)

4

Alternatively, defendants ask the Court to transfer this case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).  Transfer is appropriate under § 1404(a) if venue is proper here, venue and jurisdiction would be proper in the Eastern District of Virginia, and "the transfer will serve the convenience of the parties and the witnesses [and] as the interests of justice."  *Simonian v. Hunter Fan Co.*, No. 10 C 1212, 2010 WL 3975564, at *1 (N.D. Ill. Oct.7, 2010).  The movant bears the burden of proof on these factors.  *Id.*  Because plaintiff addresses only the last factor, the Court will do the same.

The last factor requires the Court to consider a number of private interest factors including plaintiff's forum choice, the situs of material events, access to sources of proof, convenience of the witnesses and parties, as well as public interest factors such as the speed with which the case will be resolved and the courts' familiarity with the governing law.  *See Coffey v. Van Dorn Iron Works, Inc.*, 796 F.2d 217, 220-21 (7th Cir. 1986); *Simonian*, 2010 WL 3975564, at *2.

Plaintiff's forum choice is given substantial deference unless "another forum has a stronger relationship to the dispute" or the chosen forum is not the situs of material events.  *Morton Grove Pharms., Inc. v. Nat'l Pediculosis Ass'n, Inc.*, 525 F. Supp. 2d 1039, 1044 (N.D. Ill. 2007).  Such is the case here.  Spartan's claims arise from the contemplated sale of sixteen of schools, seven of which are in located in Virginia and none of which is located in Illinois, to an Illinois-based company, from a Virginia resident, three Virginia-based companies and an Indiana-based company.  (*See* Compl. ¶¶ 7-13; Mem. Law Supp. Mot. Dismiss, Ex. A, Term Sheet, Ex. A, List of Schools.)  In anticipation of the sale, Spartan's employees and agents repeatedly visited Virginia to analyze the corporate defendants' operations, to develop and implement a business plan to return the schools to a stable fiscal and financial footing, to have face-to-face negotiations with Gerald and to conduct

5

due diligence.  (Compl. ¶¶ 18-21; Pl.'s Resp. Mot. Dismiss, Ex. 1, Gerald Dep. at 33-36, 52-53.)

Though Gerald exchanged numerous emails and phone calls with Spartan personnel in Illinois,

neither he nor any other representative of the corporate defendants ever visited Illinois.  (Pl.'s Resp.

Mot. Dismiss, Ex. 1, Gerald Dep. at 65-66; *id.*, Ex. 2, Rosenberg Aff. ¶ 3; Mem. Law Supp. Mot.

Dismiss, Ex. B, Gerald Aff. ¶ 7; *id.*, Ex. C, TSI Aff. ¶ 7; *id.*, Ex. D, TES Aff. ¶ 7; *id.*, Ex. E, ESI Aff.

¶ 7; *id.*, Ex. F, ATA Aff. ¶ 7; Defs.' Reply Supp. Mot. Dismiss, Ex. J, Pl.'s Answers Defs.' Req.

Admit, Nos. 4-7, 9-13.)  The negotiations culminated in the execution of a term sheet that required

the Virginia- and Indiana-based defendants to negotiate a final deal in good faith, which they

allegedly refused to do, thereby reaping the benefits of Spartan's efforts for themselves and their

non-Illinois schools without paying for them.  (*See* Mem. Law Supp. Mot. Dismiss, Ex. A, Term

Sheet.)  In short, Virginia is the situs of the material events giving rise to this suit and has a much

stronger connection to it than Illinois.  Accordingly, plaintiff's forum choice merits little weight in

the transfer analysis, and the situs-of-material-events factor weighs in favor of transfer.

The last two private interest factors, access to sources of proof and convenience of the

witnesses and parties, have little bearing on the analysis.  Neither party suggests that the documents

pertaining to the dispute cannot be easily shipped, identifies any non-party witness for whom

litigating in another forum will be a burden or suggests that litigating elsewhere will be unduly

burdensome for them.  *See Moore v. Motor Coach Indus., Inc.*, 487 F. Supp.2d 1003, 1007-08 (N.D.

Ill. 2007) ("The convenience of party witnesses is less relevant than the convenience of non-party

witnesses, since party witnesses normally must appear voluntarily."); *IP Innovation L.L.C. v.*

*Matsushita Elec. Indus. Co., Ltd.*, No. 05 C 902, 2005 WL 1458232, at *2 (N.D. Ill. June 13, 2005)

(stating that the access-to-proof factor is neutral if documents can easily be shipped).  Thus, these factors are neutral.

The public interest factors, the speed with which the case will be resolved and the courts' familiarity with the governing law, relate to "the efficient administration of the justice system." *Coffey*, 796 F.2d at 221; *see Simonian*, 2010 WL 3975564, at *2.  Those interests will be far better served by transferring this case to Virginia.  According to the most recent statistics, as of September 30, 2013, the average caseload for judges in the Eastern District of Virginia was 312, while the average caseload for judges in the Northern District of Illinois was 558.  *See* http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/aspx (select "District Courts," "Illinois Northern," and "Virginia Eastern") (last visited February 19, 2014).  The median time from filing to disposition for a suit filed in the Eastern District of Virginia is 5.1 months, and the median time from filing to trial is 11.6 months.  *See id.*  In this district, however, the median time from filing to disposition is 6.7 months, and from filing to trial is 32.2 months.  (*See id.*)  Moreover, given this suit's significant contacts with Virginia, that state's law, with which its courts are more familiar than this Court, will likely govern.  *See Barbara's Sales, Inc. v. Intel Corp.*, 879 N.E.2d 910, 919 (Ill. 2007) (stating that Illinois has adopted the Restatement's choice-of-law principles, which state that the governing law is that of the jurisdiction with the most significant relationship to the dispute). In short, the public interest factors strongly favor transferring this case to Virginia.

The balance of the private and public interest factors also favors a transfer.  Though plaintiff chose this forum, the material events occurred in Virginia, and there is no evidence that the parties or witnesses will be unduly burdened or unable to access necessary proof there if the case is litigated there.  Moreover, the interests of justice strongly favor transferring this case as it is likely to be

resolved far more quickly and efficiently by a Virginia court.   Accordingly, the Court grants defendants' motion to transfer this case to the Eastern District of Virginia.


## Conclusion

For the reasons set forth above, the Court grants defendants' motion to transfer [20], and denies in part and strikes in part defendants' motion to dismiss [18], as follows:  the motion to dismiss for improper venue is denied, the motion to dismiss for lack of personal jurisdiction is stricken as moot and the motion to dismiss for failure to state a claim is stricken without prejudice to refiling with the transferee court.  The Clerk of the Court is ordered to transfer this case to the Eastern District of Virginia, and terminate it from this Court's docket.

**SO ORDERED.**                                    **ENTERED:  April 2, 2014**


_____

**HON. RONALD A. GUZMAN**
**United States District Judge**